030112fN

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
EASTERN DIVISION

| | | |
|---|---|---|
| JOHN RAUSCH, Plaintiff, | ) | No. 11-2035 EJM |
| vs. | ) | ORDER |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, Defendant. | ) | |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of his application for social security disability benefits. Briefing concluded December 14, 2011. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of March 25, 2008, plaintiff alleges disability due to chronic back pain, carpal tunnel syndrome, cervical degenerative disc disease, arthritis, and Raynaud's disorder. Plaintiff asserts the ALJ erred in determining that his back pain was not a medically determinable impairment, in discounting the credibility of his subjective complaints, and failed to give proper weight to the opinion of his treating physician. Accordingly, he asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence

> in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments include shoulder impingement syndrome bilaterally, status post left shoulder rotator cuff repair, bilateral carpal tunnel syndrome, cervical degenerative disc disease, Raynaud's disorder, and a history of alcohol use, but found plaintiff retained the residual functional capacity to perform substantial gainful activity.

Upon review of the record as a whole, it is the court's view that the ALJ failed to afford appropriate weight to, or properly evaluate, the views of treating physician Dr. Gorsche. It appears Dr. Gorsche limited plaintiff to only occasional above shoulder work, and occasional lifting and carrying of 5 pounds up to 20 feet. T. 266. From the ALJ's decision, it is unclear whether the ALJ viewed the foregoing limitations to be Dr. Gorsche's reference to Mr. Lane's functional capacity evaluation, T. 239-244, or Dr. Gorsche's opinion adopting those limitations. Additionally, and in any event, Dr. Gorsche limited plaintiff to a permanent restriction of occasional above shoulder use, and occasional lifting of up to 5 pounds with the left upper extremity. While on brief the Commissioner asserts the ALJ gave significant weight to the treating orthopedist's opinions (an apparent reference to Dr. Gorsche), neither the former nor the latter limitations noted by Dr. Gorsche were adopted by the ALJ, nor was Dr. Gorsche's view discounted by the

ALJ. Accordingly, the court finds the ALJ's decision is not supported by substantial evidence on the record as a whole, and this matter shall be reversed and remanded for further consideration. On remand, the Commissioner shall include consideration of plaintiff's remaining contentions.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

March 15, 2012.

Edward J. McManus, Judge
UNITED STATES DISTRICT COURT